```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT
COOPERATION, PENSION and WELFARE FUNDS,
                                                                    ORDER
                          Plaintiffs,                    13-CV-4589 (ADS) (AKT)

          -against-

MILLER FLOOR COVERING, INC., f/k/a CONDOS FLOOR
COVERING, INC.,

                          Defendant.
----------------------------------------------------------------------X
```

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiff*
111 Broadway, 14th Floor, Suite 1403
New York, NY 10006
    By:   Charles R. Virginia, Esq.
            Richard B. Epstein, Esq., Of Counsel

**NO APPEARANCE:**

Miller Floor Covering, Inc., *formerly known as* Condos Floor Covering, Inc.

**SPATT, District Judge.**

      On August 14, 2013, the Plaintiffs Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Plaintiffs") commenced this action against the Defendant Miller Floor Covering, Inc., f/k/a Condos Floor Covering, Inc. (the "Defendant"). Pursuant to § 502(a)(3) of the Employee Retirement Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); § 301 of the Labor Management Relations Act of 1948 ("LMRA"), as amended, 29 U.S.C. § 185; and § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, the Plaintiffs seek to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("CBA") between the Northeast Regional Council of Carpenters ("Union") and the Defendant.

On August 16, 2013, the Defendant was served with the Plaintiffs' Complaint. The Defendant did not answer. On November 7, 2013, the Plaintiffs requested a certificate of default as against the Defendant and, five days later, on November 12, 2013, the Clerk of the Court noted the default of the Defendant. Thereafter, on November 18, 2013, the Plaintiffs moved for a default judgment against the Defendant. On January 27, 2014, this Court referred the matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorneys' fees and costs, and (2) whether any other relief should be granted.

On June 23, 2014, Judge Tomlinson issued a Report and Recommendation (the "Report") recommending that (1) a default judgment be entered against the Defendant and (2) the Plaintiffs be awarded a total sum of $29,776, which includes (a) $20,278.56 in unpaid pension contributions; (b) $2,699.73 in interest; (c) $4,055.71 in liquidated damages; (d) $525 in attorneys' fees pursuant to the award; (e) $872 in attorneys' fees incurred in connection with the confirmation proceeding; and (f) $1,150 in arbitrator's fees, costs and disbursements. On August 21, 2014, the Plaintiffs served the Report on the Defendant. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Tomlinson's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Tomlinson's Report, it is hereby

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in its entirety. The Court (1) enters a default judgment against the Defendant and (2) awards the Plaintiff a total sum

of $29,766, inclusive of unpaid pension contributions with corresponding interest, liquidated damages, attorneys' fees and costs; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiffs as set forth above; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
August 28, 2014

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge